IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEONA FLOYD            :

     v.                  :      Civil Action No. DKC 09-2310

JOSEPH YANONIS, JR., et al    :

**MEMORANDUM OPINION**

    Presently pending are Plaintiff's motion to remand and motion to amend complaint. The issues are briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motion to remand will be denied. Plaintiff will be directed to clarify if she wishes to amend under the circumstances.

    Plaintiff filed a complaint in the Circuit Court for Prince George's County, asserting negligence claims against Joseph Yanonis, Jr. And Utilx Corporation arising from a motor vehicle collision  The complaint seeks $150,000 in damages. Defendants removed the action to this court on the basis of diversity of citizenship. After removal, Plaintiff attempted to amend the complaint to seek only $74,500 in damages. She then states that the case ought to be remanded to the Circuit Court. Defendant opposes remand, and contends that removal was proper and that the court retains jurisdiction over the case despite the attempted amendment.

As recently noted by Judge Blake:

> Diversity jurisdiction is determined as of the date the suit is filed. *See, e.g., Porsche Cars N. Am., Inc. v. Porsche.Net*, 302 F.3d 248, 255-56 (4th Cir. 2002) (holding that "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy") (citations omitted). Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Thompson v. Victoria Fire & Cas. Co.*, 32 F.Supp.2d 847, 849 (D.S.C.1999); *Morris v. Naugle*, 722 F.Supp. 1285, 1286-87 (D.Md.1989). Diversity jurisdiction existed when the action was filed and removed to this court; the plaintiff's amended complaint reducing the damages claimed provides no basis for remanding this case. The plaintiff's motion to remand, therefore, will be denied.

*Gardner v. AMF Bowling Centers, Inc.*, 271 F.Supp.2d 732, 733 (D.Md. 2003). Here, at the time the complaint was filed and at the time of removal, the amount in controversy exceeded the statutory amount and removal was proper.  Absent consent from Defendants, the case will not be remanded.

Plaintiff's motion for leave to amend remains pending. She is directed to file a reply, stating whether she wishes to pursue the amendment in light of the denial of the motion to remand.

By separate order, the motion to remand will be denied.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　DEBORAH K. CHASANOW
　　　　　　　　　　　　　　　　United States District Judge